IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWARD THARPE,

    Petitioner,

v.                                                No. 1:16-cv-02449-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

       Petitioner, Edward Tharpe, has filed, through counsel, a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) For the reasons that follow, the Petition is DENIED.[1]

       In September 2008, Tharpe pleaded guilty in the United States District Court for the Western District of Tennessee to aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113, and to the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). (*United States v. Tharpe*, No. 1:08-cr-10038-JDB-1 ("No. 1:08-cr-10038-JDB-1"), D.E. 64.) He was determined to be subject to an increase in his offense level under the career offender provision, § 4B1.1, of the United States Sentencing Commission Guidelines

---

[1] Unless otherwise noted, record citations are to documents filed in the instant case.

Manual ("Guidelines" or "U.S.S.G.").[2] (*See* Presentence Report (the "PSR") at ¶ 23.) His career offender status was based on three Tennessee escape convictions. (PSR at ¶ 23.)

In July 2009, the Court imposed a sentence of 243 months on the bank robbery count, and eighty-four months on the firearm count, to be served consecutively to the bank robbery sentence. (No. 1:08-cr-10038-JDB-1, D.E. 95.) Tharpe's direct appeal was dismissed. (*Id.*, D.E. 119.)

On June 16, 2016, the inmate filed his Petition, through counsel, challenging the use of his Tennessee escape convictions to qualify him a career offender after *Johnson v. United States*, 135 S. Ct. 2551 (2015). He filed, *pro se*, a supplement to the Petition (the "Supplement") on March 4, 2019, arguing that his "sentence is unlawful due to Johnson being made retroactive to case[s] upon collateral review as stated in 'Welch.'" [3] (D.E. 10 at PageID 42.)

"[A] defendant is a career offender if (1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) 'the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" *United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (quoting U.S.S.G. § 4B1.1(a)).

---

[2] All references to the Guidelines are to those in effect on the date of Tharpe's sentencing in July 2009. *See* United States Sentencing Commission Guidelines Manual (eff. Nov. 2008).

[3] Petitioner also asserts in his Supplement that his "3 escape charges were considered violent under Tennessee law only through application of the residual clause in 18 U.S.C. § 924(c)(3)(A) and (B)." (D.E. 10 at PageID 42.) The assertion is confusing, as the Tennessee convictions are not relevant to his § 924(c) firearm conviction. To the extent he means to suggest that his aiding and abetting bank robbery conviction is a not a crime of violence for purposes of his § 924(c) conviction, the argument is misplaced. Section "2113 bank robbery . . . constitutes a crime of violence under both the Guidelines and under § 924(c)'s elements clause." *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) (citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016); *United States v. Henry*, 722 F. App'x 496 (6th Cir. 2018)).

At the time of Tharpe's sentencing, the Guidelines defined a "crime of violence" as any crime punishable by over one-year imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

The provision set forth in subsection (1) is known as the "elements clause," and the first part of subsection (2) is referred to as the "enumerated offenses clause." *United States v. Morris*, 885 F.3d 405, 409 (6th Cir. 2018). The language "or otherwise involves conduct that presents a serious risk of physical injury to another" is the "residual clause." *Id.*

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), contains similarly worded clauses. *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court held that the ACCA's residual clause was unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2557. Therefore, an enhanced sentence under that clause violated due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57. In *Welch v. United States*, the Supreme Court held that *Johnson* applied retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1265 (2016).

Petitioner, here, argues that *Johnson*'s ruling invalidated the residual clause of the Guidelines' career offender provision, such that his Tennessee escape offenses no longer qualified as predicate offenses. The argument is without merit. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he

3

Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Because the inmate remains a career offender, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal

would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 13th day of August, 2019.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.